# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JEFFREY FRIEND, et al.,**

      **Plaintiffs,**

    v.

**NEW LEXINGTON TREE FARM, LLC, et al.,**

      **Defendants.**

Case No. 2:18-cv-00198-KAJ
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Docs. 15–16, 52), is before the Court on Defendant Saltlick Township Trustees' Motion for Judgment on the Pleadings. (Doc. 40). For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**. More specifically, the Court **GRANTS** the Motion as to Plaintiffs' nuisance (Count VI) and slander of title (Count X) claims but **DENIES** the Motion as to Plaintiffs' remaining claims.

## I.    FACTUAL BACKGROUND

Plaintiffs Jeffrey and Amy Friend own approximately 24.12 acres of real property located in Saltlick Township, Perry County, Ohio (the "Friend Property"). (Doc. 19 at ¶ 13). Plaintiffs allege that, on or about October 4, 2017, Defendants New Lexington Tree Farm, LLC ("NLTF") and Ohio Mulch Supply, Inc. ("Ohio Mulch") entered the Friend Property, constructed a road through it, removed and damaged trees, and left a permanent drive ("the NLFT/Ohio Mulch driveway"). (*Id*. at ¶ 20). Plaintiffs further allege that the NLTF/Ohio Mulch driveway was built solely for the private use of NLTF and Ohio Mulch. (*Id*. at ¶ 49).

Based upon those allegations, Plaintiffs filed the instant lawsuit against Defendants NLTF, Ohio Mulch, Perry County Sheriff William Barker (in his official capacity), Deputy Cody Palmer (in his personal capacity), and Saltlick Township Trustees ("the Township"). (*See id*.). Plaintiffs set forth twelve claims in their Amended Complaint: a § 1983 claim for a violation of their Fifth Amendment rights (Count I), a § 1983 claim for a violation of their Fourteenth Amendment substantive due process rights (Count II), a § 1983 claim for a violation of their Fourteenth Amendment procedural due process rights (Count III), a claim for trespass (Count IV), a claim for conversion (Count V), a claim for nuisance (Count VI), a petition for the recovery of real property under Ohio Revised Code § 5303.03 (Count VII), a claim for injury to trees under Ohio Revised Code § 901.51 (Count VIII), a claim for civil conspiracy (Count IX), a claim for slander of title (Count X), a claim for declaratory judgment under 28 U.S.C. § 2201 (Count XI), and a claim for declaratory judgment under 28 U.S.C. § 2721.02 (Count XII). Plaintiffs also seek declaratory judgment against all named defendants in this action. (*Id.* at 14–15).

With regard to the Township, Plaintiffs allege that it claims an easement or other property interest over the Friend Property. (*Id*. at ¶ 36). Further, Plaintiffs allege that the Township authorized and supervised the construction of the NLTF/Ohio Mulch driveway, "ostensibly as a public road called 'Saltlick Township Road 221.'" (*Id*. at ¶ 46). According to Plaintiffs, Defendants NLTF and Ohio Mulch brought Saltlick Township trustee James Denny to the scene. (*Id*. at ¶ 32). Although Plaintiffs have sued the Township, they have not named Denny as a defendant in this case. Allegedly, Denny stated that he knew nothing of the road but nevertheless authorized NLTF and Ohio Mulch to proceed with the construction. (*Id*.). The Township, despite its claimed easement over the property, allegedly did not follow proper protocol prior to opening "Township Road 221." (*Id*. at ¶ 37 (alleging that the Township "never opened dedicated, or platted

such a road, nor was one ever created by any act of law, nor was any such action considered, discussed, debated, reviewed, or mentioned at any public meeting")); *see also* Ohio Rev. Code Chapter 5571. And, according to Plaintiffs, "[n]otwithstanding their sanctioning of the construction of the NLTF/Ohio Mulch Driveway and their possessory claim over it as a township road," the Township "never maintained, placed on non-maintained status, or terminated the non-maintained status" of Saltlick Township Road 221, nor does the Township currently "maintain or operate" the road. (*Id*. at ¶ 38–39).

On July 5, 2018, Defendants Sheriff Barker and Deputy Palmer filed a Motion to Dismiss. (Doc. 27). The Undersigned dismissed Plaintiffs' claims against Sheriff Barker but permitted Plaintiffs to proceed against Deputy Palmer. (Doc. 42). Relevant here, the Undersigned held that Plaintiffs' Amended Complaint established a plausible private-use taking claim and Plaintiffs therefore were not subject to ripeness requirements pursuant to the Takings Clause. (*See generally id*.).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. Partnership,* No. 2:06-CV-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted).

In examining a motion for judgment on the pleadings under Rule 12(c), the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). Accordingly, the court "must

construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 519, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (internal quotation marks omitted). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

### A. Constitutional Claims

The Township has moved for judgment on the pleadings regarding Plaintiffs' constitutional claims. Up front, the Court notes that Plaintiffs have brought takings claims under the federal and Ohio Constitutions. The analysis of those claims differs. *See, e.g.*, *City of Norwood v. Horney*, 853 N.E.2d 381 (Ohio 2006). Here, however, the Township has moved to dismiss only the federal takings claim. As such, the differences can be put aside for now. Plaintiffs also assert substantive and procedural due process claims relating to their property interests. (*See* Doc. 19, Counts II and III). In broad terms, the Township argues the following with respect to Plaintiffs' constitutional claims: (1) Plaintiffs have alleged no official action on behalf of the Township and have therefore failed to articulate a cause of action against the Township; and (2) Plaintiffs have failed to plead the necessary elements of their constitutional claims. (*See generally* Doc. 40).

*1. Plaintiffs have articulated a cause of action against the Township.*

The Township first contends that Plaintiffs have not shown that the Township engaged in the discharge of an official duty and have therefore failed to state a cause of action against the Township. (*Id*. at 4–5). Relatedly, the Township asserts that Plaintiffs' constitutional claims are based only on the actions of an individual township trustee, Denny, and that the actions of one trustee cannot bind the Township as a whole. (*Id*. at 5). Plaintiffs respond that the Township misconstrues their Amended Complaint. (Doc. 48 at 4–9). They explain that the allegations against the Township are not based on the actions of one trustee but instead are based on their contention that the trustees collectively authorized or supervised the construction of the road over their property. (*Id*.).

As an initial matter, the Court is not persuaded by the Township's argument that Plaintiffs' allegations against it turn on the involvement of a single trustee. As noted, Plaintiffs allege that: (1) the Township claims an easement or other property interest over the Friend Property, (Doc. 19 at ¶ 36); (2) that the NLTF/Ohio Mulch Driveway "was built by the authorization of and under the supervision of the Saltlick Township Trustees, ostensibly as a public road called 'Saltlick Township Road 221,'" (*id*. at 46); and (3) notwithstanding this claimed easement, the Township never formally opened, created, maintained or operated such a road and do not presently operate or maintain such a road, (*id*. at ¶ 37–39). In viewing these allegations in a light most favorable to Plaintiffs, the Court finds that Plaintiffs' cause of action against the Township does not necessarily rise and fall with the actions of a single trustee.

Importantly, it appears that the Township claims an easement or other property interest over the Friend Property. Plaintiffs dispute the existence of such an easement and seek declaratory relief that no easement exists over their property. (*See* Doc. 19, Count XI). Notably, the Township

does not dispute that it has an easement or other property interest over the property. To the contrary, the Township ostensibly acknowledges that it maintains such an interest. (*See* Doc. 40 at 2 ("Plaintiffs concede that Defendants, Saltlick Township Trustees [ ] claim 'an easement or other right' over Plaintiffs' property for Saltlick Township Road 221[.]"); *see also id*. at 9 (arguing that Plaintiffs do not have a property interest in the Friend Property because an easement or other right exists over the property)). Given this alleged property interest, one would expect the Township to either present evidence of the easement or provide the Court with facts regarding Saltlick Township Road 221 of which the Court could take judicial notice.

Curiously, instead of simply summarizing the process that took place prior to the opening of Saltlick Township Road 221, the Township seizes on Plaintiffs' allegation that the Township did not engage in any formal process related to the road. Essentially, the Township argues the following: How could it have engaged in official conduct if, as the Amended Complaint alleges, the trustees did not open the road, do not presently operate or maintain the road, and never had an official board meeting about the road prior to its opening? (*See* Doc. 40 at 4; Doc. 56 at 3–4).

The Court finds this logic flawed. The absence of a formal record of board proceedings does not necessarily require a finding that the Township has not engaged in official conduct related to the property. In fact, the Township elsewhere asserts that there is an easement over Saltlick Township Road 221. (*See id*. at 9 (contending that Plaintiffs do not have a protected property interest because an easement exists over the property in question)). While the contours of that property interest are murky at this point in the litigation, Plaintiffs have sufficiently pled a plausible cause of action against the Township. Said differently, the Township's alleged easement over the property is enough to keep the Township in this case at least for the time being.

6

*2. Plaintiffs have pled the necessary elements of their constitutional claims.*

The Township also maintains that Plaintiffs' Takings Clause claim and substantive and procedural due process claims fail as a matter of law. (Doc. 40 at 7–10). More specifically, the Township contends that: (1) Plaintiffs' takings claim fails because it is not ripe for review; (2) Plaintiffs' procedural due process claim fails because Plaintiffs do not have a protected property interest; and (3) Plaintiffs' substantive due process claim fails because it is an improper "repackaging" of their Fifth Amendment Takings claim. (*Id*. at 7–10). The Undersigned will address each argument in turn.

a. Federal Takings Claim (Count I)

First, the Township asserts that because Plaintiffs failed to utilize the state-law procedure to obtain just compensation for the alleged taking, Plaintiffs' Fifth Amendment Takings claim is not ripe for review. (Doc. 40 at 7–8). The Undersigned, in a September 11, 2018 opinion and order, addressed the ripeness issue concerning Plaintiffs' taking claim. (*See* Doc. 42). The Undersigned found that Plaintiffs' Amended Complaint set forth a plausible private-use taking, and thus held that Plaintiffs' Takings Clause claim was ripe for review. (*Id*. at 10). The Township has not raised any novel arguments regarding Plaintiffs' takings claim that persuade the Court otherwise. As this Court previously noted, however, Plaintiffs must clear a high threshold to succeed on a private-use claim. *See Montgomery v. Carter Cty., Tennessee*, 226 F.3d 758, 765– 66 (6th Cir. 2000) (noting that while there are "rare real-life example[s] of private-use takings," these "tend to be highly implausible hypotheticals"). As this case progresses, the Township might be able to show a public use for Township Road 221. At this stage, however, the Court finds a plausible private-use claim, and Plaintiffs' takings claim survives.

### b. Procedural Process Claim (Count II)

Second, the Township contends that Plaintiffs' procedural due process claim fails as a matter of law. The Township asserts that because of the existence of an "'easement or other right' over Plaintiffs' property where [Township Road] 221 is located," Plaintiffs do not have a protected property interest over the property in question, and consequently, cannot make out the elements of their procedural due process claim. (Doc. 40 at 8–9). Accordingly, the Township seeks to rely on the alleged easement in arguing that Plaintiffs do not have a protected property interest. In so arguing, however, the Township protests against additional discovery (Doc. 56 at 5) and essentially asks the Court to take judicial notice of the easement without citing evidence supporting the existence of such an easement. This, the Court cannot do.

Indeed, Plaintiffs claim that no easement exists over their property and seek declaratory relief stating as much. In their Amended Complaint, Plaintiffs allege a "plethora of legal rights," including the right to quiet enjoyment and use of their property, the right to exclude others from their property, and their right to notice and hearing before these rights are infringed. (Doc. 19 at ¶ 65). Without evidence of the alleged easement over the property in question, the Court cannot, at this stage, find that Plaintiffs do not have a property interest. As such, the Court takes Plaintiffs' well-pled allegation that there are no other public roads, easements, or rights-of-ways through the property (*id.* at ¶ 15) as true.

### c. Substantive Due Process Claim (Count III)

Third, the Township contends that because Plaintiffs do not have a protected property interest, their substantive due process claim also fails. (Doc. 40 at 9). As established, the Court finds that Plaintiffs' Amended Complaint articulates a protected property interest. Accordingly, this argument also fails.

Additionally, the Township maintains that Plaintiffs' substantive due process claim fails because it is an improper "repackaging" of Plaintiffs' Fifth Amendment Takings claim. (*See* Doc. 40 at 10). The Sixth Circuit has permitted a plaintiff to assert substantive due process claims in addition to a Fifth Amendment Takings Clause claim. *See Montgomery*, 226 F.3d at 768 (noting that "this circuit's precedent permits [ ] assertion of substantive due process and procedural due process claims" in addition to a Fifth Amendment Takings Clause claim) (citing *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1215 (6th Cir. 1992)). By the same token, however, a party may not simply "repackage" a Takings Clause claim as a substantive due process claim where the Takings Clause of the Constitution more directly addresses the government violation at issue. *See Am. Express. Travel Related Services, Inc. v. Kentucky*, 597 F. Supp. 2d 717, 726 (E.D. Ky. 2009). Nor may a party bring a substantive due process claim as an "end run" around the ripeness requirements pursuant to the Takings Clause. *See Montgomery*, 226 F.3d at 769; *see also Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). With these limitations in mind, however, a party may bring both a Takings Clause claim and substantive due process claim if the substantive due process claim articulates a "distinguishable, separate 'avenue . . . for assertion of a substantive due process claim.'" *Am. Express Travel Related Services, Inc.*, 597 F. Supp. 2d at 726 (quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 707 (6th Cir. 2005)).

Here, the Court finds that at this early stage in the litigation, Plaintiffs have established a plausible substantive due process violation that survives the Township's Motion. In their Amended Complaint, Plaintiffs assert that "Defendants' Saltlick Township Trustees' [and other Defendants'] conduct was outrageous, unreasonable, arbitrary and capricious, and has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper

9

sense." (Doc. 19 at ¶ 61). In response to the Township's Motion, Plaintiffs acknowledge that they may not simply repackage their Takings Clause claim as a substantive due process claim, but counter that the two claims are distinct in this case. (*See* Doc. 48 at 13 (noting that "this case is not simply the taking of Plaintiffs' private real property; it is the unannounced, unwarranted, and unconscionable invasion of their property with heavy construction equipment, the destruction, removal and conversion of their trees, the construction of a road for ostensibly public purposes, and the exclusive use and enjoyment of that road by another private party[.]")).

As this case progresses, the facts may establish that Plaintiffs may pursue only their Takings Clause claim and not their broader substantive due process claim. At this point, however, the Court finds that Plaintiffs have pled a plausible substantive due process claim that survives the Township's Motion.

### B. Tort Law Claims (Count IV–Count X)

In addition to their constitutional claims, Plaintiffs have also brought a number of tort and state-law claims. Specifically, Plaintiffs have filed a claim for trespass (Count IV), a claim for conversion (Count V); a claim for nuisance (Count VI), a petition for the recovery of real property under Ohio Revised Code § 5303.03 (Count VII), a claim for injury to trees under Ohio Revised Code § 901.51 (Count VIII), a claim for civil conspiracy (Count IX), and a claim for slander of title (Count X).

The Township maintains that, as a political subdivision, it is immune from Plaintiffs' state tort law claims. (Doc. 40 at 11). Relatedly, it contends that because it is entitled to immunity on these claims, Plaintiffs' civil conspiracy claim fails because there is no underlying tort action from which a civil conspiracy claim can stem. (*Id*. at 12).

Upon review of the Amended Complaint, the Court finds that Plaintiffs have brought all but two of these claims against only two Defendants—NLTF and Ohio Mulch. (*See* Doc. 19, Count IV (Trespass) ("The conduct and actions of Defendants NLTF/Ohio mulch . . . constitute . . . a trespass to real property."); Count V (Conversion) ("The Defendants NLTF/Ohio Mulch intentionally, maliciously, and wrongfully dispossessed Plaintiffs of their property[.]"); Count VII (O.R.C. § 5303.03 – Petition for Recovery of Real Property) ("The Defendants NLTF/Ohio Mulch unlawfully entered upon and occupied the Friend Property without right thereto and without the consent of the Plaintiffs."); Count VII (O.R.C. § 901.51–Injury to Trees) ("Defendants NLTF/Ohio Mulch, without privilege or right to do so, did unlawfully cut, damage, remove, and destroy dozens, if not hundreds of Plaintiffs' trees.")). Accordingly, because Plaintiffs have not brought the above claims against the Township, the Court need not address the question of the Township's immunity as to these claims.

With regard to Plaintiffs' remaining tort claims, nuisance (Count VI) and slander of title (Count X), the Court finds that the Township is immune from suit. As for their nuisance claim, Plaintiffs allege that "[t]he NLTF/Ohio Mulch Driveway constitutes a private nuisance against the Plaintiffs, created and sustained by the Defendants" and that "[t]he condition of the NLTF Ohio Mulch Driveway over the Friend Property was intentionally caused by the Defendants." (Doc. 19 at ¶ 78–79). As for their slander of title claim, Plaintiffs allege that "Defendants individually and collectively declared that the NLTF/Ohio Mulch driveway is a public easement (or public road) across the Friend Property, which is a false statement" and that "Defendants made their statement with malice or with reckless disregard for its falsity." (*Id*. at ¶¶ 92, 94).

"Determining whether a government entity is immune from tort liability is a three-tiered analysis." *Thornton v. Cleveland*, 890 N.E.2d 353, 355 (Ohio Ct. App. 2008). Ohio Revised Code

11

("O.R.C.") Chapter 2744.02(A)(1) sets forth the general blanket immunity applicable to political subdivisions. It provides that a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions. *See id.* There are five exceptions to this statutory immunity: (1) negligent operation of a motor vehicle; (2) negligent conduct of employees while carrying out a proprietary function; (3) a municipality's failure to keep roads and sidewalks free from nuisance; (4); injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and; (5) any other situation in which liability is expressly imposed by the Revised Code. *See* O.R.C. 2744.03(A) (1–5).

Here, because the construction of public roads is a proprietary function (*see* O.R.C. 2744.01(H)), the second exception listed above could apply under the facts of this case as an exception to the Township's blanket immunity. Upon review of Plaintiffs' Amended Complaint, however, the Court finds that Plaintiffs' nuisance and slander of title claims do not allege any negligent behavior on behalf of the Township. To the contrary, Plaintiffs assert that Defendants "intentionally" caused a private nuisance (Doc. 19 at ¶ 79), and that Defendants made the declaration that the NLTF/Ohio Mulch Driveway is a public easement or public road across the Friend Property "with malice or with reckless disregard for its falsity." (*Id.* at ¶ 94). Because O.R.C. 2744.02(B) includes no specific exceptions for intentional torts, courts have consistently found that political subdivisions are immune from intentional tort claims. *See Wilson v. Stark Cty. Dept. of Human Services*, 639 N.E.2d 105, 107 (Ohio 1994). Accordingly, because none of the five exceptions apply in this case, the Township is statutorily immune from liability as to Plaintiffs' nuisance (Count VI) and slander of title (Count X) claims.

**IV.   CONCLUSION**

Based on the foregoing, the Township's Motion for Judgment on the Pleadings (Doc. 40) is **GRANTED in part** and **DENIED in part**.  The Court **GRANTS** the Motion as to Plaintiffs' nuisance (Count VI) and slander of title (Count X) claims but **DENIES** the Motion as to Plaintiffs' remaining claims.

IT IS SO ORDERED.

Date: December 7, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE