# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY FRIEND, et al.,

      Plaintiffs,

  v.

NEW LEXINGTON TREE FARM, LLC,
et al.,

      Defendants.

Case No. 2:18-cv-198-KAJ
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 16), is before the Court on Defendant Saltlick Township Trustees' (the "Township") Motion to Review Clerk's Taxation of Cost. (Doc. 135). For the reasons that follow, the Township's Motion is **DENIED**.

### I.    BACKGROUND

Elsewhere, the Court has described the facts of this case. (*See, e.g.*, Doc. 116 at 1–3). Broadly speaking, this case involves a dispute over land. Plaintiffs own twenty-four acres of property in Saltlick Township, Perry County, Ohio. (Doc. 102 9:9–25). On October 4, 2017, Plaintiffs were surprised to find their property about to be bulldozed. (Doc. 100-1, ¶ 7). As alleged, a wide cast of characters was responsible. Ohio Mulch, a landscape supply company, cleared trees from the property and paved a road that became the basis for this lawsuit. (Doc. 99-1, 31:18–24). And Plaintiffs blamed a county sheriff and deputy, as well as the Township itself, for authorizing it to do so. (*See* Doc. 19).

The original cast of characters dwindled over time. The Court dismissed the sheriff from

the lawsuit on September 11, 2018. (Doc. 42). The parties then engaged in discovery and settlement discussions. Plaintiffs settled first with the deputy and then with Ohio Mulch and New Lexington Tree Farm. (*See* Docs. 86, 118, 119). But the Township continued to litigate and unsuccessfully sought dismissal on legal grounds. To begin, it moved for judgment on the pleadings on September 4, 2018, arguing that Plaintiffs failed to set forth cognizable constitutional claims against it. (*See generally* Doc. 40). The Court disagreed. (*See generally* Doc. 60 (dismissing only tort and state-law claims)). Then, once it became the sole defendant, the Township moved for summary judgment. (Doc. 90). The Court denied that motion too. (Doc. 116). Finally, while the parties and the Court were preparing for a late October jury trial, the Township moved for reconsideration of the Court's opinion denying summary judgment. (Doc. 120).

With the jury trial only one month away, and while the Township's Motion for Reconsideration was still pending, Plaintiffs moved to stay the trial. (Doc. 122). They explained that they had elected to pursue an alternative mechanism for relief—a petition in state court to clear title to their property. (*See id.*). The Court denied the motion to stay and directed Plaintiffs to inform the Court as to whether they "intend[ed] to proceed with the case in federal court." (Doc. 125). Ultimately, Plaintiffs filed a stipulation of voluntarily dismissal with prejudice. (Doc. 128).

Apparently, however, the stipulation left some loose threads. Importantly, the parties did not agree to cover their own costs. So the Township filed a Bill of Costs for $7,651.13 on November 25, 2019, (Doc. 129), and the Clerk set a briefing schedule, (Doc. 130). The Clerk, unable to determine the prevailing party, denied costs. (Doc. 133). The Township has asked the Court to review the Clerk's decision. (Doc. 135). In its Motion, the Township contends that it

2

"unquestionably prevailed when the case was dismissed" and is entitled to costs. (*Id*.). The Motion is ripe for resolution. (*See* Docs. 135, 136, 137).

## II. STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure is clear: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." But as explained below, determining which party prevailed when a plaintiff voluntarily dismisses the case with prejudice is not so simple.

## III. DISCUSSION

Up front, the Court agrees with the Clerk that the Township timely submitted its request for costs. (*See* Doc. 129 at 3). Accordingly, the Court will limit its analysis to whether the Township prevailed in this case.

The parties agree that the Sixth Circuit has not yet resolved the question before the Court—whether a plaintiff's voluntary dismissal with prejudice renders the defendant the prevailing party. (*See* Doc. 135 at 3; Doc. 136 at 2); *see also Procter & Gamble Co. v. Georgia-Pac. Consumer Prod. LP*, No. 1:09-CV-318, 2009 WL 10680188, at *2 (S.D. Ohio Sept. 2, 2009) (noting that this issue "remains open in the Sixth Circuit"); *Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07 CV 920, 2008 WL 2810244, at *17 (N.D. Ohio July 21, 2008) ("Sixth Circuit cases do not decisively establish whether a party voluntarily dismissed with prejudice is a 'prevailing party' for purposes of R. 54(d)."); *Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 546 (N.D. Ohio 2007) (noting that the Sixth Circuit has not resolved this issue); *U.S. v. Alpha Med., Inc.*, 102 F. App'x 8, 10 (6th Cir. 2004) ("There is no clear precedent, particularly in this circuit, as to whether a plaintiff's voluntary dismissal with prejudice, motivated by pure

3

practicality rather than by any merit in the defendant's position, makes a defendant a 'prevailing party' for purposes of an award of costs.").

Without clear guidance from the Circuit, district courts routinely turn to the Supreme Court's decision in *Buckhannon Board & Care Home Inc. v. West Virginia Department of Health & Human Services*. *See* 532 U.S. 598 (2001). There, the Court tackled the "prevailing party" question, and its analysis is useful here.

### A. *Buckhannon*'s "Judicial *Imprimatur*" Rule

While *Buckhannon* involved a fee-shifting statute and a request for attorney's fees, district courts in the Sixth Circuit have applied its "prevailing party" analysis to other contexts, including whether to award discretionary costs or fees under Rule 41(a)(2) or taxable costs under Rule 54(d)(1). *See, e.g.*, *Lum*, 246 F.R.D. at 547 (noting that "courts in the Sixth Circuit have used [*Buckhannon*'s] reasoning when deciding whether to award costs").

The Supreme Court in *Buckhannon* explained that "a 'prevailing party' is one who has been awarded some relief by the court[.]" 532 U.S. at 603. Examples include a judgment on the merits or a court-ordered consent decree because each result in "a material alteration of the legal relationship of the parties." *Id*. at 603–04 (quotation marks and citation omitted). But, relevant here, certain outcomes do not count. For example, a party's "voluntary change in conduct," while "perhaps accomplishing what [one party] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id*. at 605. In those circumstances, there is no prevailing party.

Following *Buckhannon*, district courts in this Circuit focus on "the nature of and judicial involvement in the outcome, rather than its practical effects." *Bridgeport Music, Inc. v. London*

4

*Music, U.K.*, 345 F. Supp. 2d 836, 839 (M.D. Tenn. 2004), *aff'd*, 226 F. App'x 491 (6th Cir. 2007). For example, in *London Music*, the district court held that the plaintiff's stipulation of dismissal with prejudice did not entitle the defendants to attorney's fees. *Id*. at 841. Recognizing that the Sixth Circuit "has not squarely addressed the question at issue," the court applied *Buckhannon*'s judicial *imprimatur* test. *Id*. at 839. The plaintiff's "voluntary dismissal" failed. Indeed, the dismissal "did not entail any determination, oversight or involvement by the court, aside from the perfunctory act of entering judgment to terminate the case." *Id*. Consequently, the "resolution simply [could not] constitute the judicially sanctioned change in the parties' legal relationship required by *Buckhannon* in order for one party to prevail over the other." *Id*. at 839–40.

Many district courts in this Circuit have applied *Buckhannon* to reach the same conclusion. *See, e.g.*, *Juric v. Eminger Enterprises LLC*, No. 1:16 CV 0366, 2018 WL 3993814, at *2 (N.D. Ohio Aug. 21, 2018) (denying costs under Rule 54(d) and noting that a defendant is not the prevailing party where a plaintiff voluntarily dismisses with prejudice); *Hall v. Donelson Bldg. Owners, LLC.*, No. 3:13-1072, 2016 WL 698916, at *4 (M.D. Tenn. Feb. 2, 2016), r*eport and recommendation adopted sub nom. Hall v. Donelson Bldg. Owners, LLC*, No. 3-13-1072, 2016 WL 695126 (M.D. Tenn. Feb. 22, 2016) (quotation marks and citation omitted) (denying fees and noting that "[t]he voluntary dismissal of an action pursuant to Rule 41(a)(1) does not entail any determination, oversight or involvement from the court, aside from the perfunctory act of entering judgment to terminate the case"); *Cheatham v. Knox Cty.*, No. 3:10-CV-541, 2012 WL 6802224, at *1 (E.D. Tenn. Nov. 14, 2012), *report and recommendation adopted*, No. 3:10-CV-541, 2013 WL 83390 (E.D. Tenn. Jan. 7, 2013) (denying fees and concluding that defendant was not a prevailing party where plaintiff voluntarily dismissed the case); *Mich. Am. Fed'n of State Cty. v.*

5

*Matrix Human Servs.*, No. 08-CV-12495, 2008 WL 11357844, at *1 (E.D. Mich. Oct. 30, 2008) (quotation marks omitted) ("[A]lthough the effects of a voluntary dismissal may be tantamount to a judgment on the merits of a plaintiff's claims, a voluntary dismissal is not a judgment on the merits that entitles a defendant to 'prevailing party' status under *Buckhannon*."); *Lum*, 246 F.R.D. at 547 (holding that, "[b]ecause [the court] did not determine or oversee the dismissal, [defendant] is not a prevailing party for the purposes of obtaining costs under Rule 54(d)(1)"); *Gump v. Summit Cty. Sheriff*, No. 5:05CV1849, 2006 WL 8454576, at *3 (N.D. Ohio Aug. 2, 2006), *report and recommendation adopted*, No. 5:05-CV-1849, 2006 WL 8454577 (N.D. Ohio Nov. 19, 2006) (denying costs and fees and noting the case outcome "was not an adjudication on the merits . . . and [d]efendant [] received no determination or relief by the Court as to the merits as a result of granting this voluntary dismissal").

Applying *Buckhannon*'s test to the facts of this case, the Township is not the prevailing party. In considering "the nature and judicial involvement in the outcome," *London Music*, 345 F. Supp. 2d at 839, the Court notes that there was none. Apart from the Clerk's "perfunctory act of entering judgment to terminate the case," the dismissal "did not entail" the Court's "determination, oversight or involvement." *Id*. So the Township did not prevail. *See id*. Indeed, no party did. And while the Township "perhaps accomplish[ed] what [it] sought to achieve by the lawsuit," in that Plaintiffs did not recover anything from the Township, Plaintiffs' voluntary dismissal "lacks the necessary judicial *imprimatur* on the change" to render the Township the prevailing party. *Buckhannon*, 532 U.S. at 605.

The Township challenges this approach. In support, it relies on a case that went a different way. (*See* Doc. 135 at 2–3 (citing *Amherst*, 2008 WL 2810244)). In *Amherst*, the Court adopted

the magistrate judge's award of costs under Rule 54(d). In doing so, it reasoned that a dismissal with prejudice, even a voluntary one, satisfies *Buckhannon* because the dismissal "gives such a defendant everything the defendant seeks" and that, because of the doctrine of *res judicata*, the "legal relationship between the parties" is forever changed. *Amherst*, 2008 WL 2810244, at *18. But *Amherst* is an outlier, and most district courts faced with this decision have concluded just the opposite. *See, e.g.*, *supra* at 5–6 (collecting cases); *see also Dorsey v. Commonwealth Land Title Ins. Co.*, No. 1:08-CV-1103, 2008 WL 5071894, at *3 (N.D. Ohio Nov. 24, 2008) (noting that "courts typically do not award attorneys fees and expenses where plaintiffs move to voluntarily dismiss with prejudice").

Regardless, even if the Court were to apply *Amherst* and find that the Township prevailed, the Court would still exercise its discretion to decline an award of costs.

### B. Discretionary Considerations

Despite no bright-line rule governing these facts, one rule is without debate: District courts have discretion in deciding whether to award costs under Rule 54(d)—even where a party clearly prevailed. The Sixth Circuit has held that the "language [of Rule 54(d)] creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Knology, Inc. v. Insight Commc'ns Co., L.P.*, 460 F.3d 722, 728 (6th Cir. 2006) (citing *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)); *see, also D & M Millwork, Inc. v. Elite Trimworks Corp.*, No. 2:08-0101, 2010 WL 547154, at *6 (M.D. Tenn. Feb. 10, 2010) ("Even if the court were to find that the defendants were the 'prevailing party,' it would still be inclined to use its discretion to deny the award of any Rule 54/Section 1920 costs."); *Procter & Gamble Co.*, 2009 WL 10680188,

7

at *2 ("[E]ven reasonably assuming that Defendant is indeed the prevailing party, context nonetheless favors this Court exercising its discretion to decline awarding Rule 54(d) costs.").

In exercising their discretion, courts consider whether the circumstances of the case would further Rule 54(d)'s underlying goal—"providing a disincentive for the prosecution of frivolous lawsuits." *Knology, Inc.*, 460 F.3d at 728. For example, where there is no evidence of bad faith or where the plaintiff elected to voluntarily dismiss for practical reasons, Rule 54(d)'s frivolity concern is not in play. *See, e.g.*, *Knology, Inc.*, 460 F.3d at 728 ("Indeed, the policy behind Rule 54(d) of providing a disincentive for the prosecution of frivolous lawsuits would be undermined if a party like Knology that prevailed in part and received some preliminary relief was dissuaded from making a business decision to stop litigating because without additional success, it would be forced to pay its opponent's costs.").

That is what we have here. Despite the Township's suggestion that Plaintiffs' claims were "meritless," (*see* Doc. at 135 at 5), even a cursory review of the docket shows otherwise. As noted, Plaintiffs settled their claims with multiple defendants, and the Township brought two unsuccessful dispositive motions. In other words, this is not a case where Plaintiffs exercised bad faith and pursued a frivolous lawsuit before later electing to drop the case. Rather, Plaintiffs represent that they voluntarily dismissed their claims against the Township for practical reasons. They contend that "the cost of litigating [their claims against the Township] to trial (for the nonmonetary relief they sought from the [Township]) in light of the relief they received in settlement with other parties was prohibitive," and that "they could obtain the relief they sought from the Trustees in another forum." (Doc. 136).

While the Township responds that Plaintiffs did not seek only injunctive relief from it (Doc. 137 at 2), the Court will not question Plaintiffs' pragmatic explanation. *See, e.g.*, *Procter & Gamble Co.* 2009 WL 10680188, at *2 (finding that "the circumstances . . . weigh[ed] against" Rule 54(d) costs, explaining that, "[g]iven a dearth of evidence indicating the lack of good faith that defendant assigns to [p]laintiff, this Court is not inclined to second guess or reject [plaintiff's] proffered motivation" that "[b]usiness concerns such as the most pragmatic allocation of finite resources purportedly compel[led] [plaintiff's] requested dismissal"); *Knology*, 460 F.3d at 728 (noting plaintiff's "business decision" to voluntarily dismiss with prejudice" did not implicate Rule 54(d)'s policy of "providing a disincentive for the prosecution of frivolous lawsuits").

In sum, the Court finds that awarding the Township costs under the circumstances "would be unjust." *Booker v. Express Scripts, Inc.*, No. 3:09-CV-474-H, 2010 WL 2682231, at *2 (W.D. Ky. July 2, 2010) (holding that, "[e]ven were the Court to find that [defendant] achieved 'prevailing party' status," "awarding costs to [defendant] under the[] circumstances would be unjust," in part, because plaintiff "achieved some recovery on her claims and tried the action in good faith").

### IV. CONCLUSION

For the foregoing reasons, the Township's Motion to Review Clerk's Taxation of Cost (Doc. 135) is **DENIED**.

IT IS SO ORDERED.

Date: April 9, 2020                          /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE